FILED

14 APR 10 PM 2:52

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG O. SHULL,<br><br>                  Plaintiff,<br>vs.<br><br>OCWEN LOAN SERVICING, LLC<br>dba T.D. SERVICES COMPANY, and<br>DOES 1-100, inclusive,<br><br>                  Defendants. | CASE NO. 13-CV-2999-BEN (WVG)<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>[Docket No. 3] |

Before this Court is the Motion to Dismiss filed by Defendant Ocwen Loan Servicing, LLC (Ocwen). (Docket No. 3). For the reasons stated below, the Motion is **GRANTED**.

### BACKGROUND

In October 2006, Plaintiff Gregory O. Shull obtained a mortgage loan from First Guaranty Financial Corporation, and executed a promissory note secured by a deed of trust. (Deed of Trust, Docket No. 3-4).[1] Plaintiff defaulted upon his loan, and a notice of default was recorded on December 18, 2012. (Notice of Default, Docket No. 3-5). The beneficial interest in the Deed of Trust was assigned to Deutsche Bank National Trust Company, in its role as a trustee of a trust containing mortgage-backed assets. (*See id.* at 2). Plaintiff did not cure the default, and a notice of trustee's sale was

---

[1] Ocwen's unopposed Request for Judicial Notice is **GRANTED**. (Docket No. 3-2).

recorded on June 5, 2013. (Notice of Trustee's Sale, Docket No. 3-6). The foreclosure sale of the property does not appear to have proceeded.

Plaintiff alleges that the Deed of Trust was executed in favor of First Guaranty Financial Corporation (First Guaranty), an alleged predecessor of Ocwen. (FAC ¶ 22). Commonwealth Land Title Company was listed as the trustee, and Mortgage Electronic Registration System (MERS) was named the "nominee of the lender" and the "beneficiary." (*Id.* ¶ 23; Deed of Trust, at 1).

Plaintiff filed a First Amended Complaint (FAC) against Ocwen, MERS, and T.D. Services Company, a wholly owned subsidiary of Ocwen (collectively, "Defendants"). (*Id.* ¶¶ 3-5). Plaintiff's claims for relief are founded upon the allegation that Defendants are "strangers" to the Deed of Trust, and have no ownership interest that entitles them to collect payment, declare a default, or conduct a trustee's sale. (*Id.* at 3).

Plaintiff alleges that on or around the time of the origination, First Guaranty sold the debt obligation to an unknown entity. (*Id.* ¶ 24). He contends that the Note and Deed of Trust were never validly assigned to any defendant. (*E.g., id.* ¶¶ 15-16). Plaintiff contends that no defendant can demonstrate that the Note was ever properly endorsed and transferred to a defendant. (*Id.* ¶ 25). Plaintiff claims that no defendant has provided any evidence to verify the owner and amount of the mortgage, or validate the claim to the debt obligation. (*Id.*) Plaintiff also contends that Ocwen failed to follow the legal requirements for transferring a negotiable interest and did not properly securitize his loan. (*Id.* ¶¶ 26-28).

Plaintiff admits that he owes money on his mortgage obligation. (*Id.* ¶ 20). He claims to dispute the amount owed, and asks this Court to determine who holds the Note and Deed of Trust, and to determine the rights of Defendants. (*Id.*) Plaintiff claims he has been damaged because multiple parties may seek to enforce the debt, title to his home has been clouded, and he has been paying the wrong party. (*Id.* ¶ 30).

Plaintiff challenges the role of MERS in the securitization and the effect on

chain of title. He contends that MERS could not, and did not, properly authorize the assignments and substitutions of the Deed of Trust to Defendants. (*Id.* ¶¶ 34, 36, 40, 46-47, 52, 55, 75). He further contends that even if the assignment and substitution of the Deed of Trust was authorized, it would result in the splitting of the Note and Deed of Trust, rendering the Deed of Trust unenforceable. (*Id.* ¶¶ 39, 71).

The FAC asserted: (1) declaratory relief pursuant to 28 U.S.C. §§ 2201, 2202; (2) negligence; (3) quasi contract; (4) violation of 15 U.S.C. §§ 1692 *et seq.*; (5) violation of the California Business and Professions Code § 17200[2]; (6) accounting; and (7) extortion pursuant to 18 U.S.C. § 1951(b)(2). The Court notes that there is some inconsistency in the causes of action asserted. The title page lists ten causes of action, many of which differ from the causes of action actually asserted in Plaintiff's FAC. This Court will address only the seven causes of action asserted in the FAC.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court may grant a motion to dismiss if, taking all factual allegations as true, the complaint fails to state a plausible claim for relief on its face. FED. R. CIV. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring plaintiff to plead factual content that provides "more than a sheer possibility that a defendant has acted unlawfully"). Under this standard, dismissal is appropriate if the complaint fails to state enough facts to raise a reasonable expectation that discovery will reveal evidence of the matter complained of, or if the complaint lacks a cognizable legal theory under which relief may be granted. *Twombly*, 550 U.S. at 556.

## DISCUSSION

A. Abandonment

Plaintiff asserted seven causes of action in his FAC. Ocwen asks this Court to

---

[2] Although not separately titled, the table of contents lists this cause of action, and it is clearly alleged in the FAC. (FAC ¶¶ 140-50).

dismiss all causes of action.

In his Opposition to the Motion, Plaintiff disputes the application of the tender requirement and specifically defends his claims for declaratory relief and extortion. He also argues that he has standing to prosecute his complaint and denies that he is estopped from prosecuting the complaint because of his bankruptcy case. (Opp'n at 8-10). However, review of the Opposition reveals that Plaintiff does not dispute Defendants' specific arguments with regard to his claims for negligence, quasi contract, violation of 15 U.S.C. § 1692, and accounting.

Accordingly, this Court **GRANTS** the motion to dismiss as to claims two, three, four, and six. By failing to respond to the arguments raised by Defendant on these claims, Plaintiff failed to oppose the motion to dismiss these claims. Where a party fails to address arguments against a claim raised in a motion to dismiss, the claims are abandoned and dismissal is appropriate. *See, e.g.*, *Silva v. U.S. Bancorp*, No. 5:10-cv-1854, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011) ("[T]he Court finds that Plaintiff concedes his . . . claim should be dismissed by failing to address Defendants' arguments in his Opposition.") (citations omitted); *Qureshi v. Countrywide Home Loans, Inc.*, No. 09-4198, 2010 WL 841669, at *9 & n.2 (N.D. Cal. Mar. 10, 2010) (citing *Jenkins v. County of Riverside*, 398 F.3d 1093, 1095 n.4 (9th Cir. 2005)) (dismissing claims as abandoned where the plaintiff did not oppose dismissal); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 586 F. Supp. 2d 1109, 1131 (N.D. Cal. 2008) (dismissing a claim without leave to amend where the plaintiff did not address the defendant's arguments); *see also Walsh v. Nev. Dep't of Human Res.*, 471 F.3d 1033, 1037 (9th Cir. 2006) (where opposition to motion to dismiss failed to address arguments in motion to dismiss, the plaintiff failed to demonstrate a continuing interest in pursuing a claim for relief and it was "effectively abandoned" and could not be raised on appeal).

The Court notes that the Plaintiff added some general language regarding liberality of amendment, but never explicitly suggests to this Court that he might be

able to amend the four claims. It is unclear whether Plaintiff was seeking permission to amend the claims which he did not defend because he conceded Defendant's arguments about the claims as pled. Accordingly, the abandoned claims will be **DISMISSED WITHOUT PREJUDICE** and Plaintiff will be given leave to amend.

However, the Court reminds Plaintiff that because Plaintiff failed to oppose Defendant's arguments, despite having a clear opportunity to do so, Plaintiff cannot simply re-allege the same claims in an amended complaint. Any amended complaint must address the arguments which Defendant raised and which Plaintiff has apparently conceded. Plaintiff will not be permitted to raise arguments in defense of an amended complaint which Plaintiff could have, but failed to properly raise in defense of the original complaint.

B. Declaratory Relief

Plaintiff's first cause of action seeks declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Plaintiff's claim for declaratory relief is deficient because Plaintiff failed to plead sufficient facts showing a plausible claim for relief. Plaintiff asks that this Court determine the rights and obligations of the parties relative to the property. (Opp'n at 11). He alleges that Defendants are not his creditors and do not have a secured interest in the property. (*Id.* at 13; FAC ¶¶ 115-18). His claim for declaratory relief is premised on his belief that Defendants lack the authority to collect payments and foreclose upon his home. However, careful review of Plaintiff's complaint and the briefing in this matter reveals that Plaintiff has not alleged sufficient facts from which this Court could conclude that there is more than a "sheer possibility" that Defendants lacked authority to foreclose.

California law does not permit a plaintiff to bring a lawsuit to require a foreclosing party to prove that it has the right to foreclose without a basis for doing so. California's non-judicial foreclosure scheme is a comprehensive and exhaustive framework. *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1154 (4th Dist. 2011). Because of the exhaustive nature of the scheme, California appellate

court have refused to read additional requirements into the non-judicial foreclosure statutes. *Id.* (citation omitted). A party cannot bring a legal challenge to an entity's authority to initiate a foreclosure where there is no "specific factual basis" for alleging that a foreclosure was not initiated by the correct party. *See id.* at 1155-56. "No case law or statute authorizes such a speculative suit." *Id.*

Plaintiff makes conclusory allegations that Defendants lack the authority to collect payments and foreclose upon his property, but he fails to provide factual allegations to support his claims. Although he alleges that the Note and Deed of Trust were never properly transferred or assigned to a defendant, he asserts no specific facts to suggest that his allegation is anything but speculation or an effort to test Ocwen's authority. He presents no specific facts which, accepted as true, would show that there was a failed effort to securitize the loan, or that the loan was transferred to a third party. He alleges no specific facts indicating fraud or any other problem with any assignment which he has standing to challenge. In sum, Plaintiff does not allege specific facts from which this Court might infer that discovery will reveal evidence that Defendant lacks the authority to foreclose upon Plaintiff's property.

In the course of his lengthy complaint, Plaintiff raised other potential challenges to Defendants' authority, all of which must fail. California's non-judicial foreclosure statute does not require the foreclosing party to be in possession of the note. *Farner v. Countrywide Home Loans*, 08-cv-2193, 2009 WL 189025 at *2 (S.D. Cal. Jan. 26, 2009); CAL. CIV. CODE §§ 2924 *et seq.* Where the deed of trust provides for MERS to act as beneficiary with the right to foreclose and the ability to transfer that right, courts have rejected the argument that MERS cannot assign the deed of trust. *Sargent v. JPMorgan Chase Bank, N.A.*, No. 13-1690, 2013 WL 3878167, at *2 (N.D. Cal. July 25, 2013); *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118, 125 (2d Dist. 2011); *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 270-71 (1st. Dist. 2011) (MERS does not bear burden of proving validity of assignment of a note and does not lack authority to assign a note because it lacks interest in the note). The Deed of Trust

in this case authorizes MERS to foreclose or act for the lender. (Deed of Trust at 2-3). Plaintiff also cannot bring a claim based on the contention that the assignment impermissibly separates the note and the deed of trust, rendering the deed of trust unenforceable. *See Sargent*, 2013 WL 3878167, at *2 (rejecting claim where plaintiff did not make clear how note and deed of trust were irreparably split, or why MERS was not acting as agent of the lender).

As Plaintiff has not alleged specific facts from which this Court might infer that no defendant has authority to foreclose, Plaintiff has not sufficiently pled his claim for declaratory relief. The first cause of action is therefore **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given leave to amend, but is cautioned that any amendment must allege specific additional facts sufficient to allow this Court to infer that no defendant had authority to foreclose.

C. Extortion

Plaintiff also seeks relief for Ocwen' alleged acts of extortion. His cause of action cites to 18 U.S.C. § 1951(b)(2), which makes extortion a criminal offense under federal law. As a general rule, there is no private cause of action for extortion, which is a criminal offense under state and federal law. *See Arista Records v. Sanchez*, CV507046, 2006 WL 5908359, at *2 (C.D. Cal. Mar. 1, 2006).

In his Opposition, Plaintiff cites to cases where courts have allowed a cause of action for "civil extortion." (Opp'n at 12-13). Plaintiff concedes that, to the extent a civil claim is recognized, "it is based on the same elements as criminal extortion." (*Id.* at 12 (quoting *Levitt v. Yelp! Inc.*, CV-10-2321, 2011 U.S. Dist. LEXIS 124082, at *5 (N.D. Cal. Oct. 26, 2011))). Extortion is the "obtaining of property from another, with his consent, induced by a wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951(b)(2). Even if Plaintiff were correct in arguing that civil extortion is a colorable cause of action, he has not pleaded facts to show that the elements can be fulfilled.

Plaintiff alleges that Ocwen committed extortion by demanding payment through

a false claim of ownership and false assertion of the right to collect payments. (FAC ¶¶ 156-57). Plaintiff asserts that Defendants demanded and received money based on a "purported debtor-creditor relationship that did not and does not exist under an immediate threat of loss of possession and title of Property, and physical eviction from Property." (Opp'n at 12). He argues that the money paid to Defendants was paid "under the threat of non-judicial foreclosure." (*Id.*) He contends in his Opposition that he reasonably fears that he will be forcibly removed from the property, along with his family and elderly grandmother. (*Id.*)

Plaintiff's extortion claims hinge upon his contention that no defendant had authority to demand payments or foreclose upon his home. As discussed above, Plaintiff has not alleged sufficient facts from which this Court could infer that Defendants lack such authority and have made wrongful threats. *See also Das v. Bank of Am. N.A.*, 186 Cal. App. 4th 727, 740-41 (2010) (not tortious to foreclose on collateral when a debt is not paid). Plaintiff's seventh cause of action must therefore be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given leave to amend.

D. California Business & Professions Code § 17200

Ocwen did not raise specific arguments in its Motion regarding Plaintiff's allegations that Defendants violated California's Unfair Competition Law (UCL), CAL. BUS. & PROF. CODE §§ 17200 *et seq.*, but clearly indicated that it sought dismissal on the basis of the other arguments in its motion.

The UCL prohibits unfair competition, which includes "any unlawful, unfair or fraudulent business act or practice." CAL. BUS. & PROF. CODE § 17200. Careful examination of the allegations in the FAC indicates that Plaintiff has not sufficiently stated a claim. Plaintiff's claim is premised upon his allegations that Defendants lack authority to seek payments and foreclose upon his home. (FAC ¶¶ 140-50). As discussed above, Plaintiff has failed to allege sufficient facts from which this Court could infer that Defendants could lack such authority. As such, the fifth cause of action is **DISMISSED WITHOUT PREJUDICE**. Plaintiff is given leave to amend.

## CONCLUSION

Based on the foregoing, Ocwen's Motion to Dismiss is **GRANTED**. The Complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to file a Second Amended Complaint, he must do so **no later than 28 days after the date this Order is filed**.

**IT IS SO ORDERED**.

Dated: April 10, 2014

HON. ROGER T. BENITEZ
United States District Judge